**Reina Rafaela ZET, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–71844.

United States Court of Appeals, Ninth Circuit.

Submitted May 2, 2011.*

Filed May 4, 2011.

Carlos Alfredo Cruz, Esquire, Law Offices of Carlos A. Cruz, Alhambra, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Timothy Hayes, Trial, OIL, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, D.C., for Respondent.

Before: SILVERMAN, TALLMAN, and CLIFTON, Circuit Judges.

MEMORANDUM **

Reina Rafaela Zet, native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order denying her motion to reopen proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review the denial of a motion to reopen for an abuse of discretion, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and we deny in part and dismiss in part the petition for review.

The BIA acted within its discretion in denying Zet's motion to reopen because it was filed more than ninety days after the BIA's final deportation order, *see* 8 C.F.R. § 1003.2(c)(2), and Zet has not identified any exceptions to the ninety-day time limitation that apply, *see id.* § 1003.2(c)(3).

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen deportation proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002) (noting that "the decision of the BIA whether to invoke its sua sponte authority is committed to its unfettered discretion") (emphasis omitted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.